155 N.J. Super. 175 (1976)
382 A.2d 648
ELIZABETH IRON WORKS, INC., PLAINTIFF-APPELLANT,
v.
KEVON CONSTRUCTION CORP., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1976.
Decided December 6, 1976.
*176 Before Judges BISCHOFF, MORGAN and COLLESTER.
Mr. Ernest Prupis argued the cause for appellant (Messrs. Weltchek, Prupis & Ritz, attorneys).
Mr. Mark D. Larner argued the cause for respondent (Messrs. Budd, Larner, Kent, Gross, Picillo & Rosenbaum, attorneys; Mr. Henry A. Larner on the brief).
PER CURIAM.
Plaintiff appeals from a trial court order dismissing its complaint for lack of in personam jurisdiction over a nonresident corporate defendant. The cause of action before the trial court arose out of a purchase agreement for steel beams between defendant purchaser, Kevon Construction Corp., a Pennsylvania corporation engaged in a construction project located in Pennsylvania, and plaintiff seller, Elizabeth Iron Works, Inc., a New Jersey supplier of structural steel. Defendant is a general contractor which engages independent engineers, architects and supervisors for the actual performance of its construction projects. In this case it engaged Paul G. Curcillo Associates as an independent project engineer, which company, in the course of the performance of its duties, placed a telephone call to plaintiff inquiring as to the purchase of certain steel beams for use in connection with erection of a low bridge barrier in Pennsylvania. The purpose for which the bridge barrier was designed was to permit private autos to drive under it while preventing trucks and other larger vehicles from doing so. Castellated beams were designed for the project because of their capacity to span wider areas than regular beams of the same weight. It was this type of beam, which had to be specially fabricated, that was the subject of the initial telephone inquiry and the later purchase *177 agreement. Paul G. Curcillo, who is also a Pennsylvania resident, does not engage in business in New Jersey and did not enter New Jersey with respect to any aspect of this transaction.
In response to Curcillo's telephone inquiry, plaintiff took steps to consummate the transaction. It prepared the purchase order on its own forms and sent an employee to the project site in Pennsylvania to obtain defendant's execution thereof. The resulting agreement, dated May 13, 1974, provided for the delivery of the fabricated steel beams during the week of July 8, 1974, an early date for which the contract price included a $9,000 premium. Defendant signed the contract in Pennsylvania and plaintiff signed it thereafter in New Jersey. Plaintiff's contract form stated that the purchase order would become a contract "upon, but not before acceptance by the Seller [plaintiff] at its Home Office in Union, New Jersey." Hence, plaintiff's contention that the contract was executed in New Jersey.
Initial trouble arose when plaintiff was unable to deliver on the specified date and, in addition, thereafter sought an increase in the base price by reason of increased costs. Defendant contends that because of economic duress exerted, it agreed to the cost increase, provided the beams were delivered by August 1, 1974 in satisfactory form for immediate assembly and erection. Although the beams were delivered, defendant deducted from its remittance to plaintiff $9,000 delivery premiums, the $12,000 cost increment, and $4,568 representing the additional costs incurred by defendant resulting from alleged improper fabrication and loading. This suit seeks recovery of these deducted amounts.
The affidavits and undisputed facts disclosed thereby are that defendant is a Pennsylvania corporation with no connection to the State of New Jersey other than the transaction at issue. It owns no New Jersey property, maintains no office in this State, solicits no business here; none of its stockholders, officers or employees reside in New Jersey and none has entered the State for any business purpose on defendant's *178 behalf. The project for which the steel beams were ordered was located in Pennsylvania, and the purchase order provided for delivery to the Pennsylvania job site. When trouble in the contract arose, no employee of defendant entered New Jersey in an attempt to resolve it; rather, plaintiff sent its employees into Pennsylvania in an attempt to do so. Communication between the two companies was by means of telephone conferences and correspondence.
Plaintiff contended before the trial court, and now here, that the execution of the contract in New Jersey, together with the fact that performance of it required fabrication in New Jersey of steel beams to defendant's unique specifications, provide the "minimal contacts" necessary to afford New Jersey personal jurisdiction over the Pennsylvania defendant. The trial judge disagreed and dismissed the complaint. Plaintiff appeals.
Both parties and the trial judge relied upon Avdel Corp. v. Mecure, 58 N.J. 264 (1971), as controlling authority, with defendant attempting to distinguish it from the present matter and plaintiff contending that the distinctions were unnecessary to the decision. Although Avdel does bear a marked factual resemblance to the present case, except for its distinguishing features upon which defendant focuses, J.W. Sparks & Co. v. Gallos, 47 N.J. 295 (1966), provides a more apt legal analogy and controls resolution of the issue posed. In Sparks, the court confronted the question of in personam jurisdiction of the New York courts over an individual New Jersey defendant who had been sued in New York for the balance due after liquidation of his stock. The New Jersey defendant had ordered the stock by telephone through the Morristown branch of plaintiff New York brokerage firm. The order was called into the New York office, filled there, and confirmation slips were sent to defendant's address in New Jersey. A dispute arose as to the purchase price and defendant refused to pay for the shares. After giving notice, the New York brokerage house sold his shares and instituted suit in New York for the balance. Default *179 judgment was entered on defendant's failure to appear notwithstanding personal service in New Jersey. The jurisdictional issue was raised when suit in New Jersey was brought on the New York judgment.
In Sparks, as in the present case, the basic transaction at issue concerned the nonresident's order of goods. In Sparks it was stock; in this case it was steel. Moreover, in Sparks the New Jersey defendant ordered the stock from the New Jersey office of the New York brokerage house; in this case the steel was ordered by the nonresident directly from New Jersey, the forum state. In both cases the only act done by defendant was the interstate order of merchandise. That act, in Sparks, was held by the court to provide the minimal contact needed to sustain the in personam jurisdiction of the New York court over the New Jersey defendant.
* * * The defendant's account was with a New York brokerage firm and, although he placed his purchase order with the firm's Morristown branch office, his order was to make the purchase on the New York over-the-counter market. He was aware that the plaintiff, acting as his agent, would engage in a transaction of purchase and sale in New York, and within the language of Hanson he purposefully availed himself of the privilege of conducting activities, through his agent, within that state. * * * If, because of the defendant's failure to pay the purchase price, the seller had been called upon to sue him, there would have been justification for the seller to have brought action in New York with service on the defendant in New Jersey. * * *
* * * The purchase order went to the plaintiff at New York, the confirmations were sent by the plaintiff from New York, and the original purchases, along with the later liquidation sale, were actually made by the plaintiff on the defendant's account on the over-the-counter market at New York. These steps were clearly within the contemplation of the defendant's business relations with the plaintiff and they furnished the required minimal contacts with New York. * * * [at 303-04]
Here, the Pennsylvania defendant ordered steel beams from New Jersey, knowing they were to be specially fabricated to his order in this State. The acceptance of the contract was in this State. The contract was largely performed in *180 this State, with delivery to Pennsylvania being the only part of the contract performed elsewhere. Under Sparks,[1] if not under Avdel, supra, these facts provided the minimal contacts required to support New Jersey jurisdiction over the person of the Pennsylvania defendant.
In Avdel it was recognized that the nonresident contacts with New Jersey were "far greater" than those present in Sparks. Among those contacts were the fact that the merchandise in that case, rivets, was ordered from New Jersey, the order largely filled in New Jersey, and defendant actually entered this State to discuss the contract at issue. Although the court noted these factors, it cannot be implied that the extensiveness of the contacts, including the physical entry of defendant into the State, was an essential condition to jurisdiction. The court itself noted that in Sparks it upheld jurisdiction on a showing of far fewer contacts; it was not even contended that defendant entered New York for any purposes related to his order.
Reversed.
NOTES
[1] As to the significance attributable to New York's interest in the regulation of the securities industries in its finding of jurisdiction in J.W. Sparks, the same court in Avdel Corp. v. Mecure, supra, stated:

It is true that we mentioned New York's interest in regulation of the securities industry, but that factor was not controlling [58 N.J. at 271]